UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIAN CARLA HIPPE,

        Plaintiff,

    v.                                   Case No:   6:15-cv-1416-Orl-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff, Marian Carla Hippe, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B.  Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*.   In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE").  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff protectively filed an application for a period of disability and DIB on May 21, 2012, alleging disability commencing on November 30, 2011.  (Tr. 161-62, 171).  Plaintiff's claim was denied initially on September 26, 2012, and upon reconsideration on October 29, 2012.  (Tr. 110-14, 116-20).  Plaintiff requested a hearing and on July 24, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Gregory J. Froehlich.  (Tr. 37-81, 122-23). Plaintiff chose to appear and testify before the ALJ without the assistance of an attorney or representative.  (Tr. 36, 39-41).  On August 23, 2014, the ALJ entered an unfavorable decision finding that Plaintiff was not disabled.  (Tr. 17-35).  Plaint appealed the ALJ's decision and, on August 5, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-7).  Plaintiff initiated the instant suit by Complaint (Doc. 1) filed on August 28, 2015.  The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from November 30, 2011, her alleged onset date, through September 30, 2012, her date last insured.  (Tr. 22).  At step two, the ALJ found that Plaintiff had the following severe impairments: hearing loss, diabetes mellitus, irritable bowel syndrome, and obesity.  (Tr.

22).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-25).

Before proceeding to step four, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) except with exposure to no more than level 3 (moderate) noise level." (Tr. 25).  In addition, the ALJ found that Plaintiff "is limited to performing simple tasks with little variation that take a short period of time to learn (up to and including 30 days)." (Tr. 25).  At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a telemarketer and sales service supervisor. (Tr. 29).  The ALJ concluded that Plaintiff had not been under a disability from November 30, 2011, through the date of the decision, September 30, 2014. (Tr. 31).

## II.     Analysis

Plaintiff raises two issues on appeal: (1) "Whether the ALJ applied the correct legal standards to Dr. Barber's opinion," and (2) "Whether the ALJ applied the correct legal standards to the opinions of Drs. Le and Singh." (Doc. 18 p. 9, 18).  The Court will address each issue in turn.

### a)  Whether the ALJ applied the correct legal standards to Dr. Barber's opinion.

Plaintiff argues that the ALJ erred by failing to apply the correct legal standards to the opinion given by Alvan W. Barber, M.D., and by making findings not supported by substantial evidence. (Doc. 18 p. 10).  Plaintiff seems to contend that the ALJ erred in finding that Dr. Barber's opinion was "not inconsistent" with medium work because Dr. Barber found Plaintiff could not walk or stand for long periods of time and medium work requires standing or walking, on or off, for a total of approximately 6 hours in an 8-hour workday. (Doc. 18 p. 10-11).  In

addition, Plaintiff argues the ALJ erred by failing to include in his RFC finding Dr. Barber's opinion that Plaintiff was required to be close to bathroom facilities due to her irritable bowel syndrome. (Doc. 18 p. 11). In response, Defendant argues that the ALJ was correct to find Dr. Barber's restriction findings vague and that substantial evidence supports the ALJ's RFC finding. (Doc. 18 p. 15-17).

The record shows that on September 18, 2012, Plaintiff presented to Alvan W. Barber, M.D., for a consultative physical evaluation at the request of the Office of Disability Determinations. (Tr. 266-274). Plaintiff reported complaints of diabetes with associated symptoms of fatigue, nausea, vomiting, diarrhea and dizziness; hypertension; irritable bowel syndrome with associated symptoms of bowel incontinence, nausea, vomiting, diarrhea and constipation; depression; decreased hearing; psoriasis; and high cholesterol. (Tr. 267).

On examination, Dr. Barber noted Plaintiff's sitting hip flexion was 90 degrees bilaterally. (Tr. 269). Dr. Barber indicated that Plaintiff could get on and off the examination table and lie flat. (Tr. 269). Plaintiff measured 64 inches tall and weighed 230 pounds. (Tr. 269). Dr. Barber noted that Plaintiff had "slight difficulty hearing in the quiet environment of the examination room," and he had to raise his voice for her to hear. (Tr. 269). Plaintiff's lungs and heart were normal. (Tr. 270).

Plaintiff's muscle strength in upper extremities was 5/5 bilaterally. (Tr. 270). Her deep tendon reflexes in upper extremities were 0 bilaterally. (Tr. 270). Regarding Plaintiff's lower extremities, Dr. Barber noted her muscle strength was 5/5 bilaterally. (Tr. 270). Dr. Barber found deep tendon reflexes "at patella and Achilles 0." (Tr. 270). Plaintiff had no joint deformities. (Tr. 270). Straight leg rise seated was normal at 80 degrees bilaterally. (Tr. 270). Hip findings were normal in all categories, except for hip flexion, which was less than normal at 80 degrees

bilaterally.  (Tr. 274).   Knee flexion was normal bilaterally, and all ankle tests were normal bilaterally.  (Tr. 274).  Examination findings of Plaintiff's cervical spine revealed normal forward flexion and extension, but less than normal lateral flexion and rotation.  (Tr. 273).  Lumbar spine forward flexion, extension, and lateral flexion were less than normal.  (Tr. 273).  All neurological findings were normal.  (Tr. 271).

As for Plaintiff's gait and station, Dr. Barber noted that she walked with a slow, wide, broad gait.  (Tr. 271).  She was unable to walk on her heels or squat, but she was able to walk on her toes.  (Tr. 271).  Rhomberg sign was negative.  (Tr. 271).

Dr. Barber's impressions included poorly controlled diabetes mellitus, on medication; poorly controlled hypertension; irritable bowel syndrome; hypercholesterolemia, on medication; depression, on medication; psoriasis on elbows and knees, on medication; bilateral hearing deficit, unknown etiology, in need of hearing aids; and morbid obesity.  (Tr. 271).  Dr. Barber opined that Plaintiff "cannot walk or stand for long periods of time;" she "can sit for reasonable periods of time;" she "cannot lift or carry heavy items;" she "requires to be close to bathroom facilities with her IBS symptoms;" and she "can use upper body movements and coordinated activities with hands." (Tr. 272).  He noted that Plaintiff's blood pressure was elevated, and he instructed her to immediately go to her primary care physician or emergency room for evaluation and treatment. (Tr. 272).

In his opinion, the ALJ addressed Dr. Barber's opinion as follows:

> On September 18, 2012, Dr. Barber opined that the claimant could not walk or stand for long periods of time; could not lift or carry heavy items; could sit for reasonable periods of time; required close bathroom facilities; and could use upper body movement and coordinated activities with hands (Exhibit 4F/7).  Although quite vague in defining specific work-related limitations, I find Dr. Barber's restrictions are generally supported by the overall record of evidence and not inconsistent with the range of medium

exertional work described in the residual functional capacity.  Therefore,
I give this opinion some weight.

(Tr. 29).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).  The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds that the ALJ failed to adequately explain his analysis of Dr. Barber's opinion.  Despite finding that Dr. Barber's restriction findings were "generally supported by the evidence" and despite according the opinion "some weight," it appears the ALJ actually rejected the opinion as the ALJ did not include Dr. Barber's limitation findings in the hypothetical questions posed to the vocational expert or include the limitations in the RFC determination.  (Tr. 25, 72-75).  Defendant contends that Dr. Barber's restriction findings were "unquestionably vague" and that the ALJ should not be faulted for finding that they were "not inconsistent with a range of medium work."  (Doc. 18 p. 15).  As Plaintiff notes, however, a full range of medium work requires "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday. . .".  (Doc. 18 p. 10) (citing Social Security Ruling 83-10).  Dr. Barber's finding that

Plaintiff could not stand or walk for long periods of time seems at odd with medium work's requirement of standing or walking for 6 hours in an 8-hour workday. *See Williams v. Comm'r of Soc. Sec.*, 2014 WL 412566, at *4 (M.D. Fla. Feb. 4, 2014) (finding that a physician's opinion that a claimant could not walk/stand for long periods was specific enough to be considered by the ALJ as precluding 6 hours of walking/standing). Thus, substantial evidence does not support the ALJ's finding that Dr. Barber's opinion was "not inconsistent with the range of medium exertional work described in the RFC." (Tr. 29). Further, the ALJ did not adopt Dr. Barber's limitation findings pertaining to Plaintiff's need to be close to bathroom facilities and failed to explain why he did not include these limitations. For these reasons, the Court finds that the ALJ erred by failing to sufficiently explain his finding that Dr. Barber's opinion was entitled to "some weight." Upon remand, the ALJ shall re-examine Dr. Barber's opinion, state the weight he is according the opinion and explicitly articulate his reasoning.

**b) Whether the ALJ applied the correct legal standards to the opinions of Drs. Le and Singh.**

Plaintiff argues that the ALJ failed to apply the correct legal standards to the opinions of Loc Kim Le, M.D., and Gurcharan Singh, M.D. (Doc. 18 p. 19). Plaintiff notes that all three doctors who rendered an opinion agreed that Plaintiff was more limited than found by the ALJ and argues that the ALJ improperly substituted his judgment for that of the medical experts. (Doc. 18 p. 19). Plaintiff contends that if the ALJ had adopted the opinions of Drs. Le and Singh the Grids would have directed a finding of disabled. (Doc. 18 p. 19). Defendant argues that the ALJ properly gave the opinions "some weight" and sufficiently explained his reasoning. (Doc. 18 p. 21-22).

The record shows that On October 27, 2012, non-examining state agency consultant, Dr. Le, reviewed the record and opined that Plaintiff was physically capable of performing light work. (Tr. 105). He opined she could never climb ladders, ropes or scaffolds; she could occasionally

climb ramps or stairs; and she could frequently balance, stoop, kneel, crouch or crawl.  (Tr. 105-106).  Dr. Le further opined that Plaintiff needed to avoid concentrated exposure to noise and hazards.  (Tr. 106).

On February 7, 2013, non-examining state agency consultant, Dr. Singh, reviewed the record and opined that Plaintiff was physically capable of performing light work.  (Tr. 310).  He opined that Plaintiff could never climb ladders, ropes or scaffolds; she could occasionally climb ramps or stairs; and she could frequently balance, stoop, kneel, crouch or crawl.  (Tr. 312).  Dr. Singh further opined that Plaintiff needed to avoid concentrated exposure to extreme cold or heat, noise, and hazards.  (Tr. 313).

In his decision, the ALJ explained the weight he accorded to the opinions of Drs. Le and Singh as follows:

> On October 27, 2012 (Exhibit 4A) and February 7, 2013 (Exhibit 12F), State agency medical consultants reviewed the records available at those times and found the claimant capable of a range of light work. While each of these conclusions support a finding of "not disabled," the totality of the evidence available at the hearing level shows the claimant is capable of a wider range of work than determined by the State agency medical consultants. I find the claimant is capable of a range of medium exertional work. This finding is not inconsistent with the claimant's history of routine/conservative treatment, the claimant's adequate response to treatment, negative diagnostic test results, and clinical observations and results of physical examinations that failed to identify substantial functional limitations during the relevant period beyond those allowed for in the residual functional capacity. Accordingly, some weight was given to the State agency medical consultants' opinions.

(Tr. 29).

As non-examining physicians, Drs. Le and Singh's opinions were not entitled to any deference.  *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).  Nevertheless, the ALJ stated the weight he accorded their opinions and his basis for doing so.  The ALJ explained that Plaintiff "is capable of a wider range of work than determined by the State agency medical

- 10 -

consultants" and provided his reasons for reaching this conclusion, i.e., Plaintiff's history of routine/conservative treatment, her adequate response to treatment, negative diagnostic test results, and clinical observations and results of physical examinations that failed to identify functioning limitations during the relevant time period.  (Tr. 29).   The Court finds that the ALJ did not err in his treatment of the opinions of non-examining physicians Drs. Le and Singh.

### III.     Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**.  Upon remand, the ALJ shall re-examine Dr. Barber's opinion, state the weight he is according the opinion, explicitly articulate his reasoning, and conduct any further proceedings as appropriate.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties